IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH ANDREWS, | ) | CASE NO.: 1:22-CV-00250-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | MAGISTRATE JUDGE PARKER |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF DEFENDANT CITY OF CLEVELAND

Now comes Defendant City of Cleveland ("Defendant"), pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, and presents the following as its Answer to the Complaint ("Complaint") of Plaintiff Isaiah Andrews ("Plaintiff") filed on February 14, 2022:

1. Defendant admits the existence of all proceedings that are on the public record, including that Plaintiff spent time in prison and requested a new trial, which the court granted, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 1-5 of the Complaint.

2. The statements in Paragraphs 6-8 call for a legal conclusion to which no answer is required; however, the Defendant admits that the United States District Court for the Northern District of Ohio has subject matter jurisdiction because Plaintiff brings this action pursuant to Federal law, invoked the jurisdiction of this Court pursuant to the Judicial Code §§ 1331 and

1343(a), and that that venue is proper in the United States District Court, Northern District of Ohio, Eastern Division, because many of the named Defendants reside within the Northern District of Ohio, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 6-9 of the Complaint.

3. The statements in Paragraph 10 call for a legal conclusion to which no answer is required; however, Defendant admits that it is an Ohio municipal corporation that operates the Cleveland Division of Police, that it is a unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio, that it may have employed some of the individual defendants as police officers, and admits that 42 U.S.C. § 1983 speaks for itself, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 10-17 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 18-30 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 31-35 of the Complaint.

6. Defendant admits that a jury found Plaintiff guilty of the murder of his wife, but is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 36-47 of the Complaint.

7. Defendant admits that the court granted Plaintiff a new trial, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 48-54 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 55-60 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 61-63 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 64-78 of the Complaint.

11. Defendant denies the allegations of Paragraph 79 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 80-86 of the Complaint.

13. Defendant denies the allegations of Paragraphs 87.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 88-89 of the Complaint. Pleading affirmatively, Defendant denies that any policy or custom was the moving force of Plaintiff's alleged harm.

15. Defendant denies the allegations of Paragraphs 90-91 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 92-93 of the Complaint. Pleading affirmatively, Defendant denies that any policy or custom was the moving force of Plaintiff's alleged harm.

16. Defendant denies the allegations of Paragraphs 94-96 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 97-99 of the Complaint. Pleading affirmatively, Defendant denies that any policy or custom was the moving force of Plaintiff's alleged harm.

18. Defendant denies the allegations of Paragraphs 100-102 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 103-106 of the Complaint. Pleading affirmatively, Defendant denies that any policy or custom was the moving force of Plaintiff's alleged harm.

20. Defendant denies the allegations of Paragraphs 107-112 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 113 of the Complaint.

22. Defendant denies the allegations of Paragraphs 114-120 of the Complaint.

23. Defendant admits that Plaintiff spent time in prison, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 121-133 of the Complaint.

24. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 134 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 135-139 of the Complaint.

26. Defendant denies the allegations of Paragraphs 140-145 of the Complaint.

27. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 146 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 147-150 of the Complaint.

29. Defendant denies the allegations of Paragraphs 151-156 of the Complaint.

30. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 157 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the Complaint.

32. Defendant denies the allegations of Paragraphs 159-163 of the Complaint.

33. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 164 of the Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 165-170 of the Complaint.

35. Defendant denies the allegations of Paragraphs 171-176 of the Complaint.

36. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 177 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 178-183 of the Complaint.

38. Defendant denies the allegations of Paragraphs 184-189 of the Complaint.

39. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 190 of the Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 191-193 of the Complaint.

41. Defendant denies the allegations of Paragraphs 194-199 of the Complaint.

42. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 200 of the Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 201-205 of the Complaint. Pleading affirmatively, Defendant denies that it is jointly severally liable to Plaintiff.

44. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 206 of the Complaint.

45. Defendant denies the allegations of Paragraphs 207-213 of the Complaint.

46. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 214 of the Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 215-217 of the Complaint. Pleading affirmatively, Defendant denies that it is jointly severally liable to Plaintiff.

48. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by reference in Paragraph 218 of the Complaint, and further including any allegations against it in the exhibits to the Complaint.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 219-222 of the Complaint. Pleading affirmatively, Defendant denies that it is jointly severally liable to Plaintiff.

50. Defendant denies that Plaintiff is entitled to some or all of the relief requested against as alleged in the Complaint.

## **AFFIRMATIVE DEFENSES**

51. Plaintiff's claims for any damages or injuries were directly and proximately caused or contributed to by the intervening and/or superseding and/or acts of persons other than the Defendant.

52. Plaintiff has failed to join necessary and indispensable parties to this litigation.

53. Plaintiff is deceased, and no successor or administrator with authority to prosecute Plaintiff's claims were substituted in this action as the real party or parties in interest.

54. Any applicable statutes of limitations defenses are asserted.

55. A specific percentage to be determined at trial or hearing by the trier of fact of the tortious conduct alleged that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiff did not seek recovery in this action. Defendants may seek apportionment of fault to other parties, including those not named in Plaintiff's complaint, pursuant to *R.C. 2307.22*, *R.C. 2307.23*, and under common law.

56. Plaintiff's claims and damages may be limited or barred, in whole or in part, by the statutory and common law defenses of set-off, collateral source, contribution, and indemnity.

57. Other persons' respective comparative and/or contributory negligence bars or limits the recovery of damage and other requested relief.

58. Plaintiff's claims are barred under common law or statutory immunity in effect at the time of the alleged actions, or under the Ohio Revised Code, including but not limited to *R.C. 2744.01, et seq*.

59. Plaintiff's claims are barred under absolute or qualified immunity, and applicable privileges under federal or common law.

60. Plaintiff's claims for punitive damages against Defendant are barred by common law or *R.C. 2744.05*.

61. Any damages or injuries that Plaintiff may allege to be entitled, are subject to caps, limitations, and setoffs as more fully set forth in *R.C. 2744.05*.

62. Any noneconomic losses Plaintiff may allege to be entitled are subject to statutory caps pursuant to *R.C. 2315.18*.

63. No policy or custom of Defendant was the moving force behind any violation of Plaintiff's constitutional rights, so as to impose *Monell* liability under any avenue of recovery, pursuant to *Monell v. Dep't of Soc. Servcs. of City of N.Y.*, 436 U.S. 658 (1978).

64. Defendant reserves the right to amend its answer and affirmative defenses to address any facts, claims, and/or additional theories of recovery or claims that may become apparent through discovery, pleadings, and motions.

WHEREFORE, Defendant asks that the Complaint be dismissed against Defendant City of Cleveland, with prejudice at Plaintiff's costs, that judgment be entered in favor of Defendant City

of Cleveland, and that it be granted such other and further relief concerning the Complaint to which it may be entitled.

                                            Respectfully submitted,

                                            MARK D. GRIFFIN (0064141)
                                            Director of Law

By:   */s/ Timothy J. Puin*
       William M. Menzalora (0061136)
       Elena N. Boop (0072907)
       Chief Assistant Directors of Law
       Timothy J. Puin (0065120)
       James R. Russell, Jr. (0075499)
       Assistant Directors of Law
       City of Cleveland, Department of Law
       601 Lakeside Avenue, Room 106
       Cleveland, Ohio 44114-1077
       Tel: (216) 664-2800
       Fax: (216) 664-2663
       wmenzalora@city.cleveland.oh.us
       tpuin@city.cleveland.oh.us
       eboop@clevelandohio.gov
       jrussell2@clevelandohio.gov
       *Attorneys for City of Cleveland*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 22nd day of April, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Timothy J. Puin*
                                            *Attorney for City of Cleveland*