UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ISAIAH ANDREWS, | : | CASE NO. 1:22-cv-00250 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 16] |
| v. | : | |
| CITY OF CLEVELAND, et al., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Isaiah Andrews sues Defendants for misconduct that resulted in Plaintiff's wrongful conviction for the 1975 murder of Andrews's wife.[1]

Defendant Walter Dugan, a retired Sergeant with the Cleveland Police Department, through his counsel requests that this Court appoint Debra Dugan, Defendant Dugan's daughter, Dugan's guardian ad litem.[2] Defendant Dugan further requests that this Court substitute Debra Dugan as a named Defendant in place of Defendant Dugan.[3]

For the following reasons this Court **GRANTS** Defendant's motion. In this case, Debra Dugan shall act as guardian ad litem for Defendant Walter Dugan. Debra Dugan, in her capacity as Defendant Dugan's guardian ad litem, shall be substituted as a Defendant in place of Defendant Dugan.

I. Discussion

   A. A Guardian Ad Litem Must be Appointed for Defendant Dugan

Under Rule 17(c)(2), a district court "must appoint a guardian ad litem—or issue

---
[1] Doc. 1.
[2] Doc. 16.
[3] *Id.*

Case No. 1:22-cv-00250
GWIN, J.

another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."[4]  "The district court has substantial discretion in determining whether to appoint a guardian ad litem, and may decline to appoint one if the incompetent party's interests may be protected in an alternative manner."[5]  A defendant's capacity to be sued must be determined "by the law of [his] domicile."[6]  Defendant Dugan resides in Florida so Florida's competency laws apply.

Florida law defines an "incapacitated person" as "a person who has been judicially determined to lack the capacity to manage at least some of the property or to meet at least some of the essential health and safety requirements of the person."[7]  In the context of civil suits, courts have emphasized that "the relevant inquiry is whether the litigant is mentally competent to understand the nature and effect of the litigation."[8]

Defendant Dugan is 94 years old, and he suffers from major hearing loss, arthritis, post-traumatic stress disorder stemming from deployments in World War II and the Korean War, sleep loss, and cognitive memory loss.[9]  Moving represents that Dugan does not recall the people or events outlined in the Complaint.[10]  Defendant Dugan's doctor, Dr. Stephen Wener, says that "Mr. Dugan is physically and mentally fragile and impaired in his ability to accurately recall events in the past or to make important decisions in the present," and that "Mr. Dugan's memory and overall condition will not improve in the future."[11]

Defendant Dugan's counsel says Defendant Dugan lacks the capacity to understand

---

[4] Fed. R. Civ. P. 17(c)(2).
[5] *Mate v. Fields*, No. 16-2730, 2017 WL 6398028, at *2 (6th Cir. June 20, 2017).
[6] Fed. R. Civ. P. 17(b)(1).
[7] Fla. Stat. § 744.102(12).
[8] *Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 664 (M.D. Fla. 2007) (quotation omitted).
[9] Doc. 16 at 1.
[10] *Id.*
[11] Doc. 16-1.

- 2 -

Case No. 1:22-cv-00250
GWIN, J.

the meaning and effect of the litigation, or to provide any meaningful or reliable testimony in this case.[12]

Therefore, Defendant Dugan is incompetent to represent himself in this action and a guardian ad litem must be appointed.

### B. Debra Dugan is Appointed as Defendant Dugan's Guardian Ad Litem

Debra Dugan, Defendant Dugan's daughter, is available and willing to serve as Defendant Dugan's guardian ad litem in this suit.[13]

Debra Dugan is well qualified to represent Defendant Dugan's interests. She is a former paralegal with over 36 years of legal experience.[14] Also, she resides in northeast Ohio—the venue for this litigation.[15] Finally, Debra Dugan has no adverse interests to her father in connection with this action.[16]

Debra Dugan is appointed as Defnedant Dugan's guardian ad litem.

### C. Debra Dugan is Substituted as Defendant in this Suit.

Under Rule 25(b), "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative."[17]

Defendant Dugan, through his counsel, requests this Court to substitute Defendant Dugan's guardian ad litem as the Defendant in this action. This Court grants the request.

## II. Conclusion

For the foregoing reasons this Court **GRANTS** Defendant's motion. In this case, Debra Dugan shall act as guardian ad litem for Defendant Walter Dugan. Debra Dugan, in her

---

[12] Doc. 16 at 5.
[13] Doc. 16-2.
[14] *Id.* at ¶ 2.
[15] *Id.*
[16] *Id.* at ¶ 10.
[17] Fed. R. Civ. P. 25(b).

- 3 -

Case No. 1:22-cv-00250
GWIN, J.

capacity as Defendant Dugan's guardian ad litem, shall be substituted as a Defendant in place of Defendant Dugan.

    IT IS SO ORDERED.

Dated: June 1, 2022                  *s/    James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE