UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| ISAIAH ANDREWS, | CASE NO. 1:22-cv-00250 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Doc. 19] |
| v. |  |
| CITY OF CLEVELAND, et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Isaiah Andrews sues Defendants for misconduct that resulted in Plaintiff's wrongful conviction for the 1975 murder of Andrews's wife.[1]

Defendant Walter Dugan, a retired Sergeant with the Cleveland Police Department, requested that this Court appoint Debra Dugan, Defendant Dugan's daughter, Dugan's guardian ad litem.[2] Defendant Dugan further requested that this Court substitute Debra Dugan as a named Defendant in place of Defendant Dugan.[3] This Court granted Defendant Dugan's motion.[4]

Plaintiff then moved for clarification of the Court's order and opposed Defendant Dugan's motion to the extent that it makes factual assertions about the extent of Walter Dugan's memories and competency to testify.[5]

The decision to appoint a guardian ad litem is governed by the Federal Rules of Civil Procedure and, in this case, Florida law.[6] "[T]he relevant inquiry is whether the

---

[1] Doc. 1.
[2] Doc. 16.
[3] Id.
[4] Doc. 18.
[5] Doc. 19.
[6] See Fed. R. Civ. P. 17; Fla. Stat. § 744.102(12).

Case No. 1:22-cv-00250
GWIN, J.

litigant is mentally competent to understand the nature and effect of the litigation."[7]

Competency to testify is a separate issue, governed by different law.[8]

Therefore, this Court's order appointing a guardian ad litem for Defendant Dugan did not adjudicate the issue of whether Defendant Dugan is competent to testify nor did it adjudicate the extent or reliability of Dugan's memories of the events in question.

IT IS SO ORDERED.

Dated: July 7, 2022       *s/ James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

---

[7] *Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 664 (M.D. Fla. 2007) (quotation omitted).
[8] *See* Fed. R. Evid. 601.