UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ISAIAH ANDREWS, | : | CASE NO. 1:22-cv-00250 |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| v. | : | ORDER |
| CITY OF CLEVELAND, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Isaiah Andrews sues the City of Cleveland, six Detectives,[1] and four Sergeants[2] ("Defendants") after serving 46 years in prison for a crime that he did not commit.[3]

Among other claims, Plaintiff alleges that Defendants failed to comply with their *Brady* obligations[4] by not disclosing exculpatory evidence to the state court prosecutors.[5] In response to this claim, the Defendants say that Defendants satisfied their Brady obligations by giving the state court prosecutors the complete police investigatory file, including the claimed Brady materials, before Plaintiff's original trial.[6]

Defendants thus argue that any failure to give Andrews Brady materials was a prosecutor failure. They argue that if they provide relevant Brady materials to prosecutors they have no obligation to supervise prosecutor production of those materials to defendants.

---

[1] The Estate of Detective William Hubbard, the Estate of Detective Ernest Rowell, Detective Leo Allen, Detective David Lee Hicks, the Estate of Detective Nick Stanick, and Detective J. Francis McCaffrey.
[2] Sergeant Walter Dugan, the Estate of Sergeant Peter Comodeca, Sergeant John Kaminski, and the Estate of Sergeant Kevin Walsh.
[3] Doc. 1.
[4] *Brady v. Maryland*, 373 U.S. 83 (1963)
[5] Doc. 1.
[6] P. 5 of Status Conference Transcript (Jan. 5, 2023) (court copy).

Case No. 1:22-cv-00250
GWIN, J.

At the status conference on January 5, 2023, Defendant Detectives and Sergeants said they recovered an archived copy of the prosecution's files as it existed at the time of the original trial and suggested that those files support their argument that they had provided exculpatory evidence to the prosecution before Plaintiff's original trial.[7]

Plaintiff responded that at deposition one of the original prosecutors gave testimony that arguably undercut Defendants representation that relevant *Brady* materials were included with the materials furnished to the prosecution.[8]

Production will occur by March 6, 2023.

IT IS SO ORDERED.

Dated: February 28, 2023       *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[7] *Id.*
[8] P. 9 of Status Conference Transcript (Jan. 5, 2023) (court copy).