UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| ISAIAH ANDREWS, | : | CASE NO. 1:22-cv-00250 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 96] |
| v. | : | |
| | : | |
| CITY OF CLEVELAND, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Isaiah Andrews sues Defendants for alleged Brady violations that arguably resulted in Plaintiff's 1975 conviction for the murder of Andrews's wife.[1]

The dispositive motion deadline was originally set for February 13, 2023.[2] The Court then granted an oral motion to extend the dispositive motion deadline to March 6, 2023.[3]

Plaintiff now requests a 30-day extension of the case schedule.[4] Defendants oppose Plaintiff's motion for extension.[5]

In support of the motion to extend dispositive motions, Plaintiff says Assistant Prosecutor Carmen Marino's recent testimony raises a need for more discovery. Marino, a former Cuyahoga County Assistant Prosecutor who worked on Andrews' original state-court case until six days before the trial[6] testified that he made handwritten notes to the exculpatory police reports that Plaintiff has argued Defendants withheld from prosecutors.[7]

---

[1] Doc. 1.
[2] Doc. 86.
[3] Docket, Minutes of January 5, 2023 Status Conference.
[4] Doc. 96.
[5] Docs. 107, 111.
[6] Doc. 105 at 74.
[7] *Id.* at 40-43.

Case No. 1:22-cv-00250
GWIN, J.

Plaintiff now argues that it was unaware that Marino has "significant and wide-ranging knowledge concerning facts of the investigation and prosecution in this case."[8] However, Plaintiff early received an archived copy of the prosecution's files. The prosecution file reflects Marino's early involvement with Andrews case. Plaintiff knew, or should have known, that Marino had case knowledge on whether Defendants withheld exculpatory evidence from prosecutors. One note was signed "Carmen"[9] and another note was signed "C. Marino".

Prosecutor Adrine testified on December 6, 2022 that a note signed by "Carmen" would have been signed by Carmen Marino.[10] So Plaintiff has known about Marino's involvement since then, if not before. Adrine also testified that he started working on Andrews' case shortly before the trial.[11] He discussed the rotation system, and explained that Andrews' case might have rotated to a second or third set of prosecutors before the trial.[12] Due to this testimony, Plaintiff should have known that another prosecutor had likely worked on the case before a standard prosecutor rotation.

Before Marino's deposition, Defendants disclosed that Marino "may also possess information pertaining to the preparation for, and prosecution of, Plaintiff Isaiah Andrews."[13]

Based on the prosecution's files, Adrine's testimony, and Defendants' supplemental disclosure, Marino's involvement is not a surprise.

The Court finds that Plaintiff does not establish good cause for a continuance. So, the Court **DENIES** Plaintiff's motion for extension.

---

[8] Doc. 96 at 2.
[9] Doc. 98-1 at 364.
[10] Doc. 98 at 64.
[11] *Id.* at 24.
[12] *Id.* at 80.
[13] Doc. 107-1.

- 2 -

Case No. 1:22-cv-00250
GWIN, J.

    IT IS SO ORDERED.

Dated: March 2, 2023                      *s/     James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE