## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF ISAIAH ANDREWS,** | Case No. 1:22-cv-250 |
| Plaintiff, | |
| | Judge James S. Gwin |
| -vs- | |
| **CITY OF CLEVELAND,** *ET AL.*, | |
| Defendants. | |

### PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF CONSOLIDATED DISCOVERY REQUESTS

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff submits the following responses and objections to Defendants' First Set of Interrogatories and Request for Admissions.

1

EXHIBIT
**1**

**REQUEST FOR ADMISSION NO. 1:**  Admit that you have no evidence in Your possession to prove that the police reports in the homicide investigation file, which was kept and maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide in September 1974 were not reviewed by the City Prosecutor who authorized the arrest of Isaiah Andrews in 1974.

**ANSWER**:

Objection. The Request is vague, compound, and confusing including as to the phrases "authorized" and "the arrest of Isaiah Andrews in 1974" and because the Request fails to identify which "police reports" or "homicide investigation file" it refers to. Subject to and without waiving these objections: denied.

**INTERROGATORY NO. 1:**  If your Answer to Request for Admission No. 1 is anything other than a full and unequivocal Admission, then please Identify the name, last known address, telephone number, and e-mail address of each and every Person who can testify based upon personal knowledge that the police reports in the homicide investigation file which was kept and maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide were not reviewed by the City Prosecutor who authorized the arrest of Isaiah Andrews in 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

2

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 2:**  If your Answer to Request for Admission No. 1 is anything other than a full and unequivocal Admission, then please Identify the specific Document or other evidence that can prove that the police reports in the homicide investigation file which was kept and maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide in September 1974 were not reviewed by the City Prosecutor who authorized the arrest of Isaiah Andrews in 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 2:**  Admit that the City Prosecutor approved the arrest of Isaiah Andrews for the murder of Regina Andrews in 1974.

**ANSWER**:

Objection. The request is vague and confusing including as to the phrases "approved" and "the arrest of Isaiah Andrews for the murder of Regina Andrews in 1974." Subject to and without waiving these objections: denied for lack of sufficient information.

**REQUEST FOR ADMISSION NO. 3**:  Admit that Isaiah Andrews was indicted by a grand jury for the charge of aggravated murder before he was tried for aggravated murder in 1975.

**ANSWER**:

Admitted that Isaiah Andrews was indicted for aggravated murder in 1975; denied for lack of sufficient information as to what occurred during grand jury proceedings.

**REQUEST FOR ADMISSION NO. 4**:  Admit that you have no evidence in Your possession to prove that the police reports in the homicide investigation file that was kept and maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide were not reviewed by one or more of the prosecuting attorneys in the Cuyahoga County Prosecutor's Office who were responsible for handling the grand jury proceedings that led to the indictment of Isaiah Andrews for the murder of Regina Andrews in 1975.

**ANSWER**:

Objection. The Request is vague, compound, and confusing including because it fails to identify which "police reports" or "homicide investigation file" it refers to. Subject to and without waiving these objections: denied; as to what occurred during grand jury proceedings, denied for lack of sufficient information.

**INTERROGATORY NO. 3**:  If your Answer to Request for Admission No. 4 is anything other than a full and unequivocal Admission, then please Identify the name, last known address, telephone number, and e-mail address of each and every Person who can testify based upon personal knowledge that the police reports in the homicide investigation file, which was kept and maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide were not reviewed by one or more of the prosecuting attorneys in the Cuyahoga County Prosecutor's Office who were responsible for handling the grand jury

proceedings that led to the indictment of Isaiah Andrews for the murder of Regina Andrews in 1975.

**ANSWER**:

Objection. Plaintiff objects to this Request to the extent that is overly broad, unduly Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 4:**  If your Answer to Request for Admission No. 4 is anything other than a full and unequivocal Admission, then please Identify the specific Document or other evidence that can prove that the police reports in the homicide investigation file which was kept and maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide were not reviewed by one or more of the prosecuting attorneys in the Cuyahoga County Prosecutor's Office who were responsible for handling the grand jury proceedings that led to the indictment of Isaiah Andrews for the murder of Regina Andrews in 1975.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further

objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 5**:  Admit that you have no evidence in Your possession to Identify who actually delivered any of the police reports relating to the investigation of the Regina Andrews homicide to the Cuyahoga County Prosecutor's Office on or before the commencement of the trial of Isaiah Andrews in March 1975.

**ANSWER**:

Objection. The Request is confusing and vague and seeks information in the possession of Defendants or a third party. Subject to and without waiving these objections: admitted that Plaintiff presently possesses no evidence reflecting who "actually delivered" any particular police report to the Cuyahoga County Prosecutor's Office; denied that all police reports *were* actually delivered to the prosecutor.

**INTERROGATORY NO. 5**:  If your Answer to the Request for Admission No. 5 is anything other than a full and unequivocal Admission, then please Identify the name, last known address, telephone number, and e-mail address of each and every Person who can Identify the individual who was personally responsible for delivering any of the police reports in the homicide investigation file relating to the investigation of the Regina Andrews homicide to the Cuyahoga County Prosecutor's Office in 1974 or 1975.

6

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 6:**  If your Answer to Request for Admission No. 5 is anything other than a full and unequivocal Admission, then please Identify each and every Document or other evidence that Identifies the Person who was personally responsible for delivering the police reports in the homicide investigation file relating to the investigation of the Regina Andrews homicide to the Cuyahoga County Prosecutor's Office in 1974 or 1975.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery.

Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 6:**  Admit that you have no evidence in Your possession to prove that any of the Defendants wrongfully removed or destroyed any of the police reports relating to the investigation of the Regina Andrews homicide from the homicide investigation file which was kept or maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide.

**ANSWER**:

Denied.

**INTERROGATORY NO. 7:**  If your Answer to Request for Admission No. 6 is anything other than a full and unequivocal Admission, then Identify the name of the Defendant who allegedly destroyed or removed any of the police reports from the City of Cleveland Homicide Detective Bureau's homicide investigation file, and the date and author of the police report that was allegedly destroyed or removed.

**ANSWER:**

Objection. Plaintiff objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY NO. 8:**  If your Answer to Request for Admission No. 6 is anything other than a full and unequivocal Admission, then please Identify the name, last known address, telephone number, and e-mail address of each and every Person who can Identify the Defendant who allegedly removed or destroyed any of the police reports relating to the investigation of the Regina Andrews homicide from the homicide investigation file which was kept or maintained by

the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 9**:  If your Answer to Request for Admission No. 6 is anything other than a full and unequivocal Admission, then please Identify the Document or other evidence that can Identify the Defendant who allegedly removed or destroyed any of the police reports relating to the investigation of the Regina Andrews homicide from the homicide investigation file which was kept or maintained by the City of Cleveland Homicide Detective Bureau relating to the investigation of the Regina Andrews homicide.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject

may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 7:**  Admit that You have no evidence in Your possession to prove that any of the Defendants had actual knowledge that the police reports that were prepared in connection with the homicide investigation of the murder of Regina Andrews were not reviewed by the City Prosecutor who authorized the arrest of Isaiah Andrews in 1974.

**ANSWER:**

Objection. The Request in its entirety is confusing and vague and fails to identify which "police reports" it refers to. Subject to and without waiving the objection: denied.

**INTERROGATORY NO. 10:**  If your Answer to Request for Admission No. 7 is anything other than a full and unequivocal Admission, then please Identify the Defendant(s) who had actual knowledge that the police reports that were prepared in connection with the homicide investigation of the murder of Regina Andrews were not reviewed by the City Prosecutor who authorized the arrest of Isaiah Andrews in 1974.

**ANSWER:**

Objection. Plaintiff objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY NO. 11:**  For each Defendant identified in your Answer to the Interrogatory No. 10, please Identify any witness who can testify, or the evidence that can demonstrate, that the Defendant had actual knowledge that the police reports that were prepared

in connection with the homicide investigation of the murder of Regina Andrews were not reviewed

by the City Prosecutor who authorized the arrest of Isaiah Andrews in 1974.

    **ANSWER:**

    See response to Interrogatory 10. Further answering:

    Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly
burdensome, particularly to the extent it seeks "all," "each," or "any" documents,
witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further
objects on the basis that this Request seeks information in the possession of Defendants.
Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely
or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1).
Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v.
Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007).
Discovery is ongoing and information on this subject may not yet be known at this time,
and is not required to be disclosed at this time. Subject to and without waiving these
objections, Plaintiff states:

    See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see
documents in Defendants' possession and/or produced by Defendants in discovery.
Plaintiff reserves the right to supplement his disclosures and responses under the Federal
Rules.

    **REQUEST FOR ADMISSION NO. 8:**  Admit that You have no evidence in Your

possession to prove that any of the Defendants had actual knowledge that the police reports that

were prepared in connection with the homicide investigation of the murder of Regina Andrews

were not delivered to the Cuyahoga County Prosecutor's Office on or before the commencement

of the murder trial of Isaiah Andrews in 1975.

    **ANSWER**:

    Objection. The Request is confusing and vague including because it fails to identify which
"police reports" it refers to. Subject to and without waiving these objections: denied.

    **INTERROGATORY NO. 12:**  If your Answer to Request for Admission No. 8 is

anything other than a full and unequivocal Admission, then please Identify the Defendant(s) who

had actual knowledge that the police reports that were prepared in connection with the homicide

investigation of the murder of Regina Andrews were not delivered to the Cuyahoga County

Prosecutor's Office on or before the commencement of the murder trial of Isaiah Andrews in 1975.

**ANSWER:**

Objection. Plaintiff objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY  NO.  13:**  For each Defendant identified in your Answer to

Interrogatory No. 12, please Identify the witness who can testify that the identified Defendant(s)

had actual knowledge that the police reports that were prepared in connection with the homicide

investigation  of  the  murder  of  Regina  Andrews  were  not  delivered  to  the  Cuyahoga  County

Prosecutor's Office on or before the commencement of the murder trial of Isaiah Andrews in 1975.

**ANSWER:**

See response to Interrogatory No. 12. Further answering:

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 14:**  For each Defendant identified in your Answer to Interrogatory No. 13, please Identify the specific evidence that demonstrates the identified Defendant(s) had actual knowledge that the police reports that were prepared in connection with the homicide investigation of the murder of Regina Andrews were not delivered to the Cuyahoga County Prosecutor's Office on or before the commencement of the murder trial of Isaiah Andrews in 1975.

    **ANSWER:**

    See response to Interrogatory No. 13. Further answering:

    Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

    See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

    **REQUEST FOR ADMISSION NO. 9:**  Admit that you have no evidence in Your possession to prove that any of the Defendants falsified any of the police reports relating to the investigation of the Regina Andrews homicide.

    **ANSWER**:

    Denied.

    **INTERROGATORY NO. 15:**  To the extent that Your Answer to Request for Admission No. 9 is anything other than a full and unequivocal Admission, Identify the date and author of the police report that You allege was falsified.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 16:**  For each police report identified in response to Interrogatory No. 15, Identify the witness who can testify that the information in the police report was false, and/or Identify any other evidence in Your possession that can demonstrate that the information in the police report was false.

**ANSWER**:

See response to Interrogatory No. 15. Further answering:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 10:**  Admit that you have no evidence in Your possession to prove that any of the Defendants knowingly or recklessly made any false statements

to the City Prosecutor who authorized the arrest of Isaiah Andrews for the murder of Regina Andrews in 1974.

**ANSWER**:

Objection. The Request is vague and confusing including as to the phrase "the City Prosecutor who authorized the arrest of Isaiah Andrews for the murder of Regina Andrews in 1974." Subject to and without waiving these objections: denied.

**INTERROGATORY NO. 17**:  To the extent that Your Answer to Request for Admission No. 10 is anything other than a full and unequivocal Admission, Identify the Defendant who allegedly made a false statement to the City Prosecutor, and the substance of the false statement that was allegedly made.

**ANSWER**:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY NO. 18**:  To the extent that You identified any false statements in Your Answer to Interrogatory No. 17, please Identify any witness, Document, or other evidence in Your possession that can demonstrate that the statement was false and that the Defendant knowingly and recklessly made the false statement to the City Prosecutor.

**ANSWER**:

See response to Interrogatory No. 17. Further answering:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject

may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 11:**  Admit that you have no evidence in Your possession to prove that any of the Defendants knowingly or recklessly made any false statements to any of the prosecuting attorneys who handled the grand jury proceedings that led to the indictment of Isaiah Andrews in 1975 for the aggravated murder of Regina Andrews.

**ANSWER**:

Denied; as to what occurred during grand jury proceedings, denied for lack of sufficient information.

**INTERROGATORY NO. 19:**  To the extent that Your Answer to Request for Admission No. 11 is anything other than a full and unequivocal Admission, Identify the Defendant(s) who knowingly or recklessly made any false statements to the prosecuting attorneys who handled the grand jury proceedings, and Identify the substance of the allegedly false statement.

**ANSWER**:

Objection. Plaintiff objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY NO.  20:**  For each false statement identified in Your Answer to Interrogatory No. 19, Identify the witness or other evidence that can demonstrate that the alleged statement was false, and that the Defendant(s) who alleged made the false statement knowingly or

recklessly made the false statement to the prosecuting attorneys who handled the grand jury proceedings.

**ANSWER**:

See response to Interrogatory No. 19. Further answering:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 12:** Admit that you have no evidence in Your possession to Identify what Defendants, if any, testified before the grand jury that indicted Isaiah Andrews in 1975 for the aggravated murder of Regina Andrews.

**ANSWER**:

Denied; as to what occurred during grand jury proceedings, denied for lack of sufficient information.

**REQUEST FOR ADMISSION NO. 13** Admit that You have no evidence in Your possession to prove that any of the Defendants knowingly or recklessly made any false statements to the grand jury that indicted Isaiah Andrews in 1975 for the aggravated murder of Regina Andrews.

**ANSWER**:

Denied; as to what occurred during grand jury proceedings, denied for lack of sufficient information.

**INTERROGATORY NO. 21:**  To the extent that Your Answer to Request for Admission No. 13 is anything other than a full and unequivocal admission, Identify the Defendant(s) who knowingly or recklessly made any false statements to the grand jury that identified Isaiah Andrews, and Identify the substance of the allegedly false statement that was made to the grand jury.

**ANSWER**:

Objection. Plaintiff objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY NO. 22:**  For each false statement identified in Your Answer to Interrogatory No. 21, Identify the witness or other evidence in Your possession that can demonstrate that the alleged statement was false, and that the Defendant(s) who allegedly made the false statement knowingly or recklessly made the false statement to the grand jury that indicted Isaiah Andrews.

**ANSWER**:

See response to Interrogatory No. 21. Further answering:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

18

**REQUEST FOR ADMISSION NO. 14:**   Admit that You have no evidence in Your possession to prove that any of the Defendants made any misleading omissions that were relied upon by the grand jury that indicted Isaiah Andrews in 1975 for the murder of Regina Andrews.

**ANSWER**:

Denied; as to what occurred during grand jury proceedings, denied for lack of sufficient information.

**INTERROGATORY NO. 23:**   To the extent that Your Answer to Request for Admission No. 14 is anything other than a full and unequivocal Admission, Identify the Defendant(s) who knowingly or recklessly made any misleading omissions to the grand jury, and   Identify the substance of the alleged misleading omission.

**ANSWER**:

Objection. Plaintiff objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding this subject may not yet be known at this time and is not required to be disclosed at this time.

**INTERROGATORY NO. 24:**   For each omission identified in Your Answer to Interrogatory No. 23, Identify the witness or other evidence that can demonstrate that the alleged omission was false or misleading, and that the Defendant(s) who allegedly made the misleading omission knowingly or recklessly misled the grand jury who indicted Isaiah Andrews in 1975.

**ANSWER**:

See response to Interrogatory No. 23. Further answering:

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject

19

may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 15:**  Admit that You have no evidence in Your possession to prove that Detective Nick Stanic had any personal involvement in the homicide investigation of the murder of Regina Andrews other than the police report that stated that Stanic was one of the police officers who was involved in the arrest of Willie Watts on September 19, 1974.

**ANSWER:**

Denied.

**INTERROGATORY NO. 25:**  To the extent that You deny Request for Admission No. 15, in whole or in part, please Identify the date and author of the police report that demonstrates that Stanic had any personal involvement in the homicide investigation of the murder of Regina Andrews other than being one of the police officers who arrested Willie Watts on September 19, 1974.

**ANSWER:**

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**REQUEST FOR ADMISSION NO. 16:**  Admit that You have no evidence in Your possession to prove that Detective J. Francis McCaffrey had any personal involvement in the homicide investigation of the murder of Regina Andrews other than the police report that stated

that McCaffrey was one of the police officers who was involved in the arrest of Willie Watts on September 19, 1974.

**ANSWER**:

Denied.

**INTERROGATORY NO. 26**:  To the extent that You deny Request for Admission No. 16, in whole or in part, please Identify the date and author of the police report that demonstrates that McCaffrey had any personal involvement in the homicide investigation of the murder of Regina Andrews other than being one of the police officers who arrested Willie Watts on September 19, 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**REQUEST FOR ADMISSION NO. 17**:  Admit that You have no evidence in Your possession to prove that Detective Nick Stanic authored or signed any of the police reports that were prepared by the homicide detectives who investigated the murder of Regina Andrews in 1974.

**ANSWER**:

Admitted.

**INTERROGATORY NO. 27**:  To the extent that You deny Request for Admission No. 17, in whole or in part, please Identify the date and substance of the police report that was allegedly authored or signed by Detective Nick Stanic relating to the investigation of the murder of Regina Andrews in 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

21

**REQUEST FOR ADMISSION NO. 18**:  Admit that You have no evidence in Your possession to prove that Detective J. Francis McCaffrey authored or signed any of the police reports that were prepared by the homicide detectives who investigated the murder of Regina Andrews in 1974.

**ANSWER**:

Admitted.

**INTERROGATORY NO. 28**:  To the extent that You deny Request for Admission No. 18, in whole or in part, please Identify the date and substance of the police report that was allegedly authored or signed by Detective J. Francis McCaffrey relating to the investigation of the murder of Regina Andrews in 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**INTERROGATORY NO. 29**:  Identify the date and author of any police report that was signed by Sgt. Peter Comodeca relating to the investigation of the murder of Regina Andrews in 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**REQUEST FOR ADMISSION NO. 19**:  To the extent that You Identify any police reports that were signed by Peter Comodeca in Your Answer to Interrogatory No. 29, admit that you have no evidence in Your possession to prove that Peter Comodeca had actual knowledge that

the police report(s) identified in response to Interrogatory No. 29 were not provided to the Cuyahoga County Prosecutor's Office.

**ANSWER**:

Denied.

**REQUEST FOR ADMISSION NO. 20:**  To the extent that You Identify any police reports that were signed by Peter Comodeca in response to Interrogatory No. 29, admit that you have no evidence in Your possession to prove that Peter Comodeca had actual knowledge that the police report(s) identified in response to Interrogatory No. 29 contained false information.

**ANSWER**:

Denied.

**REQUEST FOR ADMISSION NO. 21:**  Admit that You have no evidence in Your possession, other than Peter Comodeca's signature on a police report, to prove that Peter Comodeca had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER**:

Denied.

**INTERROGATORY NO. 30:**  If you deny Request for Admission No. 21, in whole or in part, Identify the witness or other evidence that demonstrates that Peter Comodeca had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as

it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 31:**  Identify the date and author of any police report that was signed by John Kaminski relating to the investigation of the murder of Regina Andrews in 1974.

**ANSWER:**

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**REQUEST FOR ADMISSION NO. 22:**  To the extent that You Identify any police reports that were signed by John Kaminski in response to Interrogatory No. 31, admit that You have no evidence in Your possession, to prove that John Kaminski had actual knowledge that the police report(s) identified in response to Interrogatory No. 31 were not provided to the Cuyahoga County Prosecutor's Office.

**ANSWER**:

Denied.

**REQUEST FOR ADMISSION NO. 23:**  To the extent that You Identify any police reports that were signed by John Kaminski in response to Interrogatory No. 31, admit that You have no evidence in Your possession to prove that John Kaminski had actual knowledge that the police report(s) identified in response to Interrogatory No. 31 contained false information.

**ANSWER**:

Denied.

**REQUEST FOR ADMISSION NO. 24**:  Admit that You have no evidence in Your possession, other than John Kaminski's signature on a police report, to prove that John Kaminski had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER**:

Denied.

**INTERROGATORY NO. 32**:  If you deny Request for Admission No. 24, in whole or in part, Identify the witness or other evidence that demonstrates that John Kaminski had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 33**:  Identify the date and author of any police report that was signed by Sgt. Walter Dugan relating to the investigation of the murder of Regina Andrews in 1974.

**ANSWER**:

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**REQUEST FOR ADMISSION NO. 25**:  To the extent that You Identify any police reports that were signed by Walter Dugan in response to Interrogatory No. 33, admit that you have no evidence in Your possession, to prove that Walter Dugan had actual knowledge that the police report(s) identified in response to Interrogatory No. 33 were not provided to the Cuyahoga County Prosecutor's Office.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 26**:  To the extent that You Identify any police reports that were signed by Walter Dugan in response to Interrogatory No. 35, admit that You have no evidence in Your possession to prove that Walter Dugan had actual knowledge that the police report(s) identified in response to Interrogatory No. 33 contained false information.

**ANSWER**:

Denied.

**REQUEST FOR ADMISSION NO. 27**:  Admit that You have no evidence in Your possession, other than Walter Dugan's signature on a police report, to prove that Walter Dugan had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER**:

Denied.

26

**INTERROGATORY NO. 34:**   If you deny Request for Admission No. 27, in whole or in part, Identify the evidence that demonstrates that Walter Dugan had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

> **ANSWER:**
>
> Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:
>
> See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 28:**   Admit that Kevin Walsh did not work in the City of Cleveland Homicide Detective Bureau in 1974 or 1975.

> **ANSWER:**
>
> Denied for lack of sufficient information.

**REQUEST FOR ADMISSION NO. 29:**   Admit that Kevin Walsh did not sign any of the police reports that were prepared by the homicide detectives who investigated the murder of Regina Andrews in 1974.

> **ANSWER:**
>
> Objection. The Request is vague and confusing. Subject to the objection: denied.

**INTERROGATORY NO. 35:**   To the extent that Your response to Request for Admission No. 29 is anything other than a full and unequivocal admission, please Identify the date and author

27

of any police report that was signed by Kevin Walsh relating to the investigation of the murder of Regina Andrews in 1974.

**ANSWER:**

Objection. Plaintiff objects to this Request because it requests information or documentation squarely within the possession of Defendants.

**REQUEST FOR ADMISSION NO. 30:**  To the extent that You Identify any police reports that were signed by Kevin Walsh in response to Interrogatory No. 35, admit that You have no evidence in Your possession to prove that Kevin Walsh had actual knowledge that the police report(s) identified in response to Interrogatory No. 35 were not provided to the Cuyahoga County Prosecutor's Office.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 31:**  To the extent that You Identify any police reports that were signed by Kevin Walsh in response to Interrogatory No. 35, admit that You have no evidence in Your possession to prove that Kevin Walsh had actual knowledge that the police report(s) identified in response to Interrogatory No. 35 contained false information.

**ANSWER**:

Denied.

**REQUEST FOR ADMISSION NO. 32:**  Admit that You have no evidence in Your possession, other than Walsh's signature on a police report, to prove that Kevin Walsh had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER**:

Denied.

**INTERROGATORY NO. 36:**   If you deny Request for Admission No. 32, in whole or in part, Identify the witness or other evidence that demonstrates that Kevin Walsh had actual knowledge of any unconstitutional conduct by any of the homicide detectives who investigated the murder of Regina Andrews.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**REQUEST FOR ADMISSION NO. 33:**   Admit that Detective Leo Allen was not personally involved in any interviews or communications with Linda Cloud or Betty Worthy in connection with the homicide investigation of the murder of Regina Andrews.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 34:**   Admit that Detective David Hicks was not personally involved in any interviews or communications with Linda Cloud or Betty Worthy in connection with the homicide investigation of the murder of Regina Andrews.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 35:**  Admit that Peter Comodeca, John Kaminski, Walter Dugan, and Kevin Walsh were not personally involved in any interviews or communications with Willie Watts, Isaiah Andrews, Linda Cloud or Betty Worthy in connection with the homicide investigation of the murder of Regina Andrews.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 36:**  Admit that Nick Stanic and J. Francis McCaffrey were not personally involved in any interviews of Willie Watts, or any interviews or communications with Isaiah Andrews, Linda Cloud or Betty Worthy in connection with the homicide investigation of the murder of Regina Andrews.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 37:**  Admit that You have no evidence in Your possession proving that any specific official policy or legislative enactment of the City of Cleveland caused a violation of constitutional rights or other harm to Isaiah Andrews as alleged in Your Complaint.

**ANSWER**:

Denied.

**INTERROGATORY NO. 37:** If you deny Request for Admission No. 37, in whole or in part, Identify the specific official policy or legislative enactment of the City of Cleveland that You contend caused a violation of constitutional rights, or other harm, as alleged in Your Complaint.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 38:**   If you deny Request for Admission No. 37, in whole or in part, Identify the witness or other evidence that demonstrates that the specific official policy or legislative enactment of the City of Cleveland caused an alleged violation of constitutional rights, or other harm, as alleged in Your Complaint.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc*., No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 39:** Identify any specific acts by officials of the City of Cleveland with final decision-making authority that You contend caused a violation of constitutional rights, or other harm, as alleged in Your Complaint.

    **ANSWER:**

    Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

    See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

    **INTERROGATORY NO. 40:** Identify any specific training of police officers by the City of Cleveland that You believe was inadequate, showed deliberate indifference to the constitutional rights of Isaiah Andrews, or caused a violation of constitutional rights, or other harm, as alleged in Your Complaint.

    **ANSWER:**

    Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

    See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 41:** Identify the witness who had actual knowledge of any specific training of police officers by the City of Cleveland that You believe was inadequate, showed deliberate indifference to the constitutional rights of Isaiah Andrews, or caused a violation of constitutional rights, or other harm, as alleged in Your Complaint.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 42:** Identify any specific custom of tolerance or acquiescence by the City of Cleveland that You believe caused a violation of the constitutional rights of Isaiah Andrews, or caused a violation of constitutional rights, or other harm, as alleged in Your Complaint.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information on this subject

may not yet be known at this time and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 43:**   Identify the witness who had actual knowledge of any specific tolerance or acquiescence by the City of Cleveland that You believe was inadequate, showed deliberate indifference to the constitutional rights of Isaiah Andrews, or caused a violation of constitutional rights, or other harm, as alleged in Your Complaint.

**ANSWER:**

Objection. Plaintiff objects to this Request on the basis that it is overbroad and unduly burdensome, particularly to the extent it seeks "all," "each," or "any" documents, witnesses, or facts relating to any allegation. Fed. R. Civ. P. 26(b)(1), (2). Plaintiff further objects on the basis that this Request seeks information in the possession of Defendants. Plaintiff further objects to the extent that this Request seeks trial witness disclosures prematurely or seeks information protected by the work product doctrine. Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as it is premature pursuant to *Schweinfurth v. Motorola, Inc.*, No. 1:05-CV-0024, 2007 WL 6025288 (N.D. Ohio Dec. 3, 2007). Discovery is ongoing and information regarding "each and every Person who can" provide testimony on this subject may not yet be known at this time, and is not required to be disclosed at this time. Subject to and without waiving these objections, Plaintiff states:

See Plaintiff's Initial Disclosures; see Plaintiff's Production of Documents; see documents in Defendants' possession and/or produced by Defendants in discovery. Plaintiff reserves the right to supplement his disclosures and responses under the Federal Rules.

**INTERROGATORY NO. 44:** Identify all criminal actions in which Isaiah Andrews was a party.

**ANSWER:**

Objection. Plaintiff objects to this Interrogatory because it calls for information that is not relevant to the claims or defenses in this case and is not proportional to the needs of the case. Plaintiff further objects because this Interrogatory calls for information that is publicly available and accessible by, and already in the possession of, the Defendants.

Plaintiff reserves the right to supplement his responses under the Federal Rules.

Respectfully Submitted,

*/s/ Elizabeth Bonham*
Sarah Gelsomino (0084340)
Marcus Sidoti (0077476)
Terry Gilbert (0021948)
Elizabeth Bonham (0093733)
FRIEDMAN, GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
sarah@FGGfirm.com
marcus@FGGfirm.com
terry@FGGfirm.com
elizabeth@FGGfirm.com

Jacqueline Greene (0092733)
FRIEDMAN, GILBERT + GERHARDSTEIN
35 East 7th Street, Suite 201
Cincinnati, Ohio 45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on February 10 2023 I served the foregoing *Plaintiff's Response to Defendants' First Set of Interrogatories and Request for Admissions Directed to Plaintiff* by email on counsel for all parties.


*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)