Case: 1:22-cv-00250-JG Doc #: 123-9 Filed: 03/06/23 1 of 3. PageID #: 9022

Deposition of John Kaminski                    Isaiah Andrews, vs. City of Cleveland, et al.,

1  during a trial that a prosecutor didn't know
2  about some potentially exculpatory information
3  that came up in the investigation?
4  A    That would be speculation on my part.
5  Q    Well, I'm asking what you recall your duties,
6  if any, to have been about that.  Did you -- did
7  you at the time have a duty to do anything if
8  that happened?
9                MR. FUNK:    Objection.  I
10           think you might be confusing.
11           You're asking him --
12                MS. GREENE:    Let me
13           rephrase then.  I'll rephrase.
14                MR. FUNK:    You're saying
15           like if you were at the table as a
16           detective.
17                THE WITNESS:    Right.
18                MS. GREENE:    Yeah.
19  BY MS. GREENE:
20  Q    So let me just ask it a better way.  You
21  know --
22  A    Okay.
23  Q    -- sometimes my questions aren't clear.
24  Sorry about that.
25       So if a detective is sitting at the counsel

Case: 1:22-cv-00250-JG  Doc #: 123-9  Filed: 03/06/23  2 of 3.  PageID #: 9023

Deposition of John Kaminski                                    Isaiah Andrews, vs. City of Cleveland, et al.,

1  table with the prosecutors and, you know, let's
2  say you were that detective -- right?
3  A    Right.
4  Q    -- and you became aware as you were watching
5  the trial unfold that the prosecutor clearly
6  doesn't know about some exculpatory information
7  that came up during the investigation that you
8  know about, what was your understanding of what
9  you were supposed to do or if you were supposed
10 to do anything in that circumstance?
11              MR. FUNK:    Objection.
12 A    That would be speculation.  I don't know.
13 Q    Well, what would you think that you should do
14 if that happened?
15 A    I would call it to the prosecutor's
16 attention.
17 Q    So you think that's what your duty would be
18 in that circumstance?
19 A    Yes.
20 Q    Now, do you recall any training or policies
21 or GPOs on that topic?
22 A    There could have been, but I don't recall.
23 Q    And why would you think you would need to
24 tell the prosecutor?
25 A    Everyone wants justice.

Case: 1:22-cv-00250-JG Doc #: 123-9 Filed: 03/06/23 3 of 3. PageID #: 9024

Deposition of John Kaminski                                    Isaiah Andrews, vs. City of Cleveland, et al.,

1  Q    Did you believe that you had a duty to do
2  that related to any particular rule or policy or
3  anything else?
4  A    No.
5  Q    Okay.  Nobody ever told you that you had a
6  duty to do that.  That's just your sense of what
7  you should do.
8  A    Yes.  Of course.
9  Q    Okay.  Likewise, in those same kinds of
10 circumstances where you're a detective sitting at
11 the counsel table during a trial and you see a
12 witness testifying on the stand inconsistently
13 with a prior statement that you know about from
14 your investigation, is there any duty to do
15 anything when that happens?
16                MR. FUNK:    Objection.
17 A    I would consult with the prosecutor.
18 Q    And that's just because you think that's the
19 right thing to do.  No one ever told you to do
20 it, right?
21                MR. FUNK:    Objection.
22 A    No.  No one -- it was not spelled out.  It's
23 obvious what you should do there.
24 Q    But it's not written in any policy or rule
25 that you recall, right?