IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| RICKY JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | No. 1:15-CV-989 |
| | ) | |
| v. | ) | |
| | ) | Judge Christopher A. Boyko |
| CITY OF CLEVELAND, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWERS TO**
**PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF CLEVELAND**

Now comes Plaintiff, Ricky Jackson, by and through his attorneys, Loevy & Loevy, and pursuant to Federal Rule of Civil Procedure 33, serves these Interrogatories to Defendant City of Cleveland, to be answered under oath and in writing within thirty days after service hereof.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiff hereby incorporates by reference herein the definitions and instructions in his First Set of Requests for Production to the Defendant City of Cleveland. Plaintiff further provides:

1. "You/r" refers to the Defendant to whom the interrogatory or request is directed (for these interrogatories, the Defendant City of Cleveland).

2. "Harold Franks homicide investigation" shall mean any actions taken by any Individual Defendant, Defendant City, or other Investigators in order to determine who was responsible for the robbery and murder of Harold Franks, and/or the shooting of Anna Robinson on May 19, 1975. This term is not limited solely to those actions leading to the investigation and prosecution of Ricky Jackson, Kwame Ajamu,[1] or Wiley Bridgeman, but includes actions taken with regard to any other possible witnesses or suspects. In addition, this term is not limited solely to actions taken prior to the arrest of Ricky Jackson, but includes actions undertaken at any time after Ricky Jackson's criminal trial or appeals and any actions undertaken at any time after Jackson' exoneration, up to any including the present day. "Harold Franks homicide investigation" is not limited to the actions of Individual Defendants and the Defendant City but includes actions taken by any

[1] Kwame Ajamu was formerly known as Ronnie Bridgeman. He will be referred to henceforth by his current name.

PENGAD 800-631-6989 PLAINTIFF'S DEPOSITION EXHIBIT 7 Toubv

Person fitting the description of Investigators as defined in paragraph 3, below.

3. "Investigators" shall mean any Persons who materially participated in the Harold Franks homicide investigation. This not only includes the named Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors or entities who furnished any material support to the Harold Franks homicide investigation.

4. "Exculpatory Evidence" shall mean evidence favorable to Ricky Jackson; evidence that would tend to show that Jackson was not guilty of the robbery and/or homicide of Harold Franks; and/or any evidence that would tend to undermine the credibility of any prosecution witness who testified during Jackson's criminal proceedings.

5. "Complaint" (as opposed to "Plaintiff's Complaint") refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, citizen's complaints, personnel records, lawsuits or legal complaints, or other Documents relating in any manner to any Individual Defendant's job performance or the job performance of any other Cleveland police officer, regardless of the disposition of any resulting inquiry or investigation.

6. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

7. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

8. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means.

9. Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning five years prior to May 19, 1975 (*i.e.*, May 19, 1970), through May 19, 1980.

The City objects to the foregoing instructions to the extent they seek to impose a duty greater or different than that required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed by name in the parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

ANSWER:

See individuals identified in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if the identity of any additional individual is learned.

2. Under oath, please identify all Complaints that have ever been made against any of the Individual Defendants relating to their roles as law enforcement officer (including Plaintiff's Complaint or any other Complaints), including but not limited to any and all internal affairs, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews (including of juvenile suspects or witnesses), use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, witnesses or informants, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, use of unduly suggestive identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (a) the date of each Complaint; (b) a detailed description of the nature of each Complaint; (c) an identifying number of each Complaint; and (d)

how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome. Further, the information sought by this interrogatory concerns a period of time beyond the City's record retention policy. Without waiving this objection, the personnel files of the named individual Defendants will be produced if located.

3. Please state whether any of the employees or agents of the City of Cleveland had any Communication regarding Plaintiff, Wiley Bridgeman, or Kwame Ajamu or any of the events described in Plaintiff's Complaint with any of the Individual Defendants, any other law enforcement agency, any Person in the Cuyahoga County Prosecutor's Office, or any witness to the events described in Plaintiff's Complaint, including but not limited to any Communication relating totaking or recording any witness statements. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; and (c) provide the date of the Communication. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome. Further, this interrogatory seeks information for a period of time beyond the City's record retention policy. Information concerning communications with the Cuyahoga County Prosecutor's Office is not within the City's exclusive custody and control and may equally be obtained by Plaintiff directly. Without waiving said objections, see information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

ANSWER:

Objection. The information sought by this interrogatory is not within the City's exclusive custody and control and may be equally obtained by the Plaintiff directly. Without waiving said objection, see information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

5. List the name of every Person from the City of Cleveland who participated in any way in the Harold Franks homicide investigation. For each person listed, please provide the dates of the Person's involvement in the investigation and describe the investigative tasks and/or duties that s/he performed. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your knowledge of Persons who participated in the Harold Franks homicide investigation and/or the investigation of Ricky Jackson for the Franks murder is contained in the Documents you reference.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome. Further, the interrogatory seeks information from a period of time beyond the City's record retention policy. Discovery is still ongoing. Without waiving said objections, see information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

6. Is it your position that Ricky Jackson committed or participated in the Harold Franks robbery or homicide, the shooting of Anna Robinson, and/or any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please describe each alleged illegal act that you contend was committed by Ricky Jackson and provide the complete factual basis for your contention, including all witnesses and other evidence.

ANSWER:

Objection. Discovery is still ongoing. Without waiving this objection, see information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

7. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you have asserted or intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

ANSWER:

Objection. This Interrogatory seeks information protected by attorney work-product. Discovery is ongoing. Further, this interrogatory requires a narrative response. Without waiving this objection, see information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

8. Please state whether any of the Individual Defendants or any other Defendant City employee involved in the Harold Franks homicide investigation acted inconsistently with any of the policies, customs, or practices of the City of Cleveland at any time during the events described in Plaintiff's Complaint. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

ANSWER:

Objection. Discovery is still ongoing. Plaintiff has yet to establish the allegations set forth in Plaintiff's amended complaint. To the extent Plaintiff is able to establish those allegations, such conduct would not be consistent with the City's policies and practices nor would it be consistent with the training provided.

9. Did any Individual Defendant or Investigator in the Harold Franks homicide investigation (including any of your employees or agents) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses or potential witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

ANSWER:

Objection. Discovery is still ongoing. Defendant further objects to this interrogatory to the extent it suggests a duty greater or different than that which was clearly established at the time of the conduct in question. Without waiving said objections, see information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

10. For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome. Documents may have been destroyed in accordance with the City's record retention policy. Defendant City of Cleveland will supplement this Answer if any responsive information is learned.

11. Is it your position that Edward Vernon did, in fact, witness Ricky Jackson participate in the robbery and/or murder of Harold Franks? If your answer is anything but an unqualified "no," please describe every piece of evidence (physical, documentary, or testimonial), upon which you intend to rely to support your position.

ANSWER:

Objection. Discovery is still ongoing. Without waiving this objection, see

information contained in documents produced in Defendant City of Cleveland's Initial Disclosures and documents obtained from Ohio's Innocence Project. Further answering, the City states that Edward Vernon led the police to believe he had witnessed Ricky Jackson participate in the alleged crimes. Defendant City of Cleveland will supplement this Answer if any additional information is learned.

12. Do you contend that the City of Cleveland had in place between 1950 and 1980 a written policy or procedure that:

(a) Required detectives or employees of the Cleveland Police Department to document or memorialize the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;

(b) Required detectives or employees of the Cleveland Police Department to place any witness statements in the official file or otherwise make them available to criminal defendants, defense counsel, or prosecutors;

(c) Required detectives or employees of the Cleveland Police Department to document or memorialize photo or in-person lineups or otherwise governed the conduct of detectives or employees during photo or in-person lineups;

(d) Required detectives or employees of the Cleveland Police Department to disclose Exculpatory Evidence;

(e) Required detectives or employees of the Cleveland Police Department to document or memorialize interrogations or interviews of suspects and witnesses, including but not limited to any requirement that police officers and/or retain notes of such interviews, or otherwise governed the conduct of detectives or employees of the Cleveland Police Department during interrogations or interviews of suspects or witnesses?

If you contend that the Cleveland Police Department had any such written policy or procedure in place, please identify each of the written policies or procedures by Bates number and describe when and how they were provided to the Individual Defendants. In addition, please identify each and every policymaker who was responsible for or who had final policymaking authority for those policies or procedures between 1950 and 1980. To be perfectly clear, this Interrogatory seeks the identity of any and all such policymakers with final or delegated policymaking authority whose knowledge or actions the Defendants will allege at summary judgment or trial is relevant to Plaintiff's claims regarding the City of Cleveland's liability under *Monell*.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome. It requires a narrative response. Defendant further objects to this interrogatory to the extent it suggests a standard of care other than what was clearly established at the time of the conduct alleged in Plaintiff's complaint. Further, discovery is still ongoing. Without waiving these Objections, Defendant states that discovery is ongoing and that it has not yet identified all of the written policies and procedures that were in place from 1950 to 1980, but will supplement this answers by producing documents that may be identified.

13. Do you contend that the City of Cleveland had in place between 1950 and 1980 any training for its police officers, formal or informal, relating to any of the subject areas identified in Interrogatory No. 12(a)-(e), above? If you contend that the Cleveland Police Department had any such training in place, please identify each and every document showing any such training by Bates number. In addition, please identify each and every policymaker who was responsible for or who had final policymaking authority for this training between 1950 and 1980. To be perfectly clear, this Interrogatory seeks the identity of any and all such policymakers with final or delegated policymaking authority whose knowledge or actions the Defendants will allege at summary judgment or trial is relevant to Plaintiff's claims regarding the City of Cleveland's liability under *Monell*.

ANSWER:

Objection. See objections set forth in response to interrogatory no. 12. Without waiving these Objections, Defendant states that discovery is ongoing and that it has not yet identified all of the written policies and procedures that were in place from 1950 to 1980, but will supplement this answers by producing documents that may be identified.

14. Please identify and describe every instance (if any) between 1950 and May 19, 1975 in which the policymaker(s) identified in Interrogatory Nos. 12-13, above, undertook to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies, procedures, or training identified in Interrogatory Nos. 12-13, above. Please include what steps, if any, were taken in response to the information obtained through any such inquiry, investigation, review, or analysis, as well as the date such steps were taken.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome and calls for a narrative answer that is not the proper subject of an interrogatory and not capable of being answered. Further, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. Please identify and describe any and all changes made between 1950 and May 19, 1975 to the City of Cleveland or Cleveland Police Department's policies, practices, and/or training relating to any of the policies, procedures, or training identified in Interrogatory Nos. 12-13, above. For each such change, if any, please describe how the City of Cleveland's employees or agents were made aware of the changes, including but not limited to how they were informed of the new policies and the dates on which all steps were taken to inform the police officers and/or employees of the change.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome. This Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, discovery is still ongoing. Subject to and without waiving such objections, Defendant states that discovery is ongoing and that it has not yet identified all of the written policies and procedures that were in place from 1950 to 1980, but will supplement this answer by producing documents that may be identified.

16. Is it the City of Cleveland's position that it will not indemnify the Individual Defendants (whether still living or estate) for their actions/omissions as alleged in Plaintiff's Complaint, if one or more of the Individual Defendants are found liable on one or more of Plaintiff's claims? If your answer is anything but an unqualified "no," please describe every piece of evidence (physical, documentary, or testimonial) and legal authority upon which you intend to rely to support your position.

ANSWER:

Objection. Discovery is still ongoing. Plaintiff has yet to establish any of the allegations set forth in Plaintiff's First Amended Complaint. Without waiving said objections, it is the City's position that the allegations of constitutional violations and other wrongful conduct alleged in the First Amended Complaint, if proven, would be inconsistent with the customs, policies, and practices of the City of Cleveland. Further, officers who engage in such conduct are acting outside the course and scope of their employment and are not acting in good faith.

17. Did you, any of your employees or agents, or anyone else that you know of withhold from Ricky Jackson, any of his attorneys, or prosecutors any Exculpatory Evidence of which you were aware prior to his exoneration in November 2014? If the answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence in detail.

ANSWER:

No.

18. Do you contend that any prosecutor withheld from Ricky Jackson any Exculpatory Evidence at any point between the Harold Franks robbery/homicide on May 19, 1975 and Mr. Jackson's exoneration in November 2014? If the answer to this question is anything other than an unqualified "no," please state the name of each prosecutor who withheld Exculpatory Evidence from Mr. Jackson, describe each such piece of Exculpatory Evidence, and provide the dates on which such evidence was withheld and the date on which you became aware that each piece of Exculpatory Evidence had been withheld.

ANSWER:

Objection. Discovery is still ongoing, and Defendant presently does not know sufficient information to answer this Interrogatory.

19. Do you contend that any person fabricated false evidence that was used against Ricky Jackson during the time that he was being criminally prosecuted for the Harold Franks homicide? If the answer to this question is anything other than an unqualified "no," please state the name of each person who fabricated evidence, describe each item of evidence that was fabricated, and provide the date on which the evidence was fabricated and the date on which you became aware of the fabricated evidence. To be clear, this Interrogatory asks you to identify each item of fabricated evidence that you contend was used against Mr. Jackson during his criminal proceedings, regardless of whether that evidence was fabricated by law enforcement officials, prosecutors, or other witnesses or individuals involved in the Harold Franks homicide investigation.

ANSWER:

Objection. Discovery is still ongoing. Without waiving said objection, Defendant City of Cleveland denies that any City of Cleveland employee fabricated any false evidence.

20. Please identify every police report, note, memo or witness statement written in connection with the Harold Franks homicide investigation that was not provided to Ricky Jackson, his attorneys, or prosecutors and provide every reason that each such document was not produced.

ANSWER:

Objection. Discovery is still ongoing, and Defendant presently does not know sufficient information to answer this Interrogatory. Subject to and without waiving such objection, the City denies that exculpatory evidence was withheld from Ricky Jackson, his attorneys, or the prosecutors.

AS TO ALL OBJECTIONS:

*/s/ Shawn M. Mallamad*
Shawn M. Mallamad (0011398)
Assistant Director of Law

Respectfully Submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By: *s/ Shawn Mallamad*
SHAWN MALLAMAD (0011398)
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-3774 Fax: (216) 664-2663
Email: smallamad@city.cleveland.oh.us

*Attorneys for Defendant City of Cleveland*

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of October, 2015, Defendant City of Cleveland's Answers to Plaintiff's Amended First Set of Interrogatories to Defendant City of Cleveland were served electronically and by regular U.S. mail upon:

Elizabeth Wang, Esq.
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302

Jon Loevy, Esq.
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
*Attorneys for Plaintiff*
*Ricky Jackson*

and
Stephen W. Funk, Esq.
Roetzel & Andress
22 S. Main St., Suite 400
Akron, Ohio 44308
*Attorney for Individual and*
*Estate Defendants*

*s/ Shawn Mallamad*
SHAWN MALLAMAD (0011398)
Assistant Director of Law