IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY JACKSON, | ) | |
| Plaintiff | ) | No. 1:15-CV-989 |
| v. | ) | |
| CITY OF CLEVELAND, *et al.* | ) | Judge Christopher A. Boyko |
| Defendants. | ) | |

**DEFENDANT CITY OF CLEVELAND'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and without waiving the objections set forth in Defendant's original answers served on October 9, 2015, Defendant City of Cleveland hereby serves the following supplemental answers to Plaintiff's First Set of Interrogatories:

Interrogatory No. 2:

> Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 2 as follows:
>
> Answer: The City of Cleveland is not aware of any complaints that would be relevant to the claims alleged by the Plaintiff in this case. All complaints, if any, against the remaining Individual Defendants can be found by reviewing the personnel files of each of the remaining Individual Defendants, which Defendant City of Cleveland previously produced in January 2016: See Bates Nos. CLE3307-CLE3408 (Stoiker); CLE3409-CLE3516 (Farmer); CLE3517-CLE3631 (Staimpel); CLE3632-CLE3827 (Comodeca); CLE3828-CLE3950 (Terpay).



PLAINTIFF'S DEPOSITION EXHIBIT
9
TOMB 17
PENGAD 800-631-6989

Interrogatory No. 3:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 3 as follows:

Answer: Any communications responsive to Interrogatory No. 3 can be found in the original police file which Defendant City of Cleveland has previously produced. See Bates Nos. CLE001-CLE144. Defendant City of Cleveland has no knowledge of any other communications that are not contained in the documents previously produced.

Interrogatory No. 5:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 5 as follows:

Answer: The City of Cleveland lacks any knowledge of the persons who participated in the Harold Frank homicide investigation, except by reference to the original homicide investigation file that was produced in this case, CLE 001-CLE 144.

Interrogatory No. 6:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 6 as follows:

Answer: Discovery is ongoing, and the City of Cleveland has not yet made any determination at this time.

Interrogatory No. 7:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 7 as follows:

Answer: The City of Cleveland is entitled to rely upon the same affirmative defenses as the Individual Defendants to all of the federal and state claims alleged in this case and thus refer to and incorporate the Individual Defendants' Answers to Interrogatory No. 7. Moreover, the facts relating to the City's defenses to the state law claim and the indemnification claim against the City of Cleveland are set forth in the City's pending Motion to Dismiss, which was previously filed with the Court and is still pending.

With respect to the alleged *Monell* claim against the City of Cleveland, the City denies that it can be held liable under *Monell* for the factual allegations alleged by Plaintiff in this case because the alleged constitutional violations were not the result of any policy or custom of the City of Cleveland.

Interrogatory No. 9:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 9 as follows:

Answer: Defendant City of Cleveland is not aware of any witness interviews that were not memorialized in a written police report.

Interrogatory No. 12:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 12 as follows:

Answer: Upon information and belief, Defendant City of Cleveland states that there were written policies and procedures between 1950 and 1980 regarding all of the subject areas referenced in Interrogatory #12. Upon a diligent search of its records from the relevant time period, the City of Cleveland has located some of the General Police Orders, written training materials, and other written procedures from the relevant period of time and has produced such documents to the Plaintiff. Upon information and belief, the documents produced are not all of the written policies, procedures, and training materials that were in existence at this time.

Interrogatory No. 13:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 13 as follows:

Answer: Upon information and belief, Defendant City of Cleveland states that there was training relating to all of the subject areas referenced in Interrogatory #12 between 1950 and 1980. Upon a diligent search of its records from the relevant time period, the City of Cleveland has located some of the written training materials from the relevant period of time and has produced such documents to the Plaintiff. Upon information and belief, the documents produced are not all of the written training materials that were in existence at this time.

Interrogatory No. 15:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 15 as follows:

Answer: Defendant City of Cleveland states that there were a number of changes made to its written policies, procedures, and training materials from 1950 to 1980. The General Police Orders that were issued to members of the Division of Police have been produced. Moreover, upon a diligent search of its records from the relevant time period, the City of Cleveland has located some of the written procedures and training materials from the relevant period of time and has produced such documents to the Plaintiff. Upon information and belief, the documents produced are not all of the written policies, procedures, and training materials that were in existence at this time.

Interrogatory No. 18:

Subject to and without waiving the objections set forth in the City of Cleveland's original interrogatory answers, the City hereby supplements its Answer to Interrogatory No. 18 as follows:

Answer: Defendant City of Cleveland is not aware of any exculpatory evidence that was withheld by the prosecutor.

Respectfully Submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By: *s/ Shawn Mallamad*

SHAWN MALLAMAD (0011398)
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-3774 Fax: (216) 664-2663
Email: smallamad@city.cleveland.oh.us

*Attorneys for Defendant City of Cleveland*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of February, 2016, Defendant City of Cleveland's Supplemental Answers to Plaintiff's First Set of Interrogatories were served electronically and by regular U.S. mail upon the following counsel:

Elizabeth Wang, Esq.
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302

Jon Loevy, Esq.
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607

*Attorneys for Plaintiff*
*Ricky Jackson*

and

Stephen W. Funk, Esq.
Roetzel & Andress
222 S. Main St., Suite 400
Akron, Ohio 44308
*Attorney for Individual and*
*Estate Defendants*

*s/ Shawn Mallamad*
SHAWN MALLAMAD (0011398)
Assistant Director of Law