IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ISAIAH ANDREWS, | ) | CASE NO. 1:22-CV-00250-JG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge James S. Gwin |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| Defendant | ) | STIPULATION |
| | ) | AND ORDER |

## FINAL PRETRIAL ORDER

This action came before the Court at a final pretrial conference held on the ___ day of _____, 2024, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

I. **APPEARANCES**:

    For Plaintiff(s): Sarah Gelsomino, Marcus Sidoti, and Elizabeth Bonham

    For Defendant(s): Elena Boop, Ken Calderone, Bill Menzalora, and Dylan Ford

II. **NATURE OF ACTION AND JURISDICTION:**

    A. This is an action under 42 U.S.C. § 1983

    B. The jurisdiction of the Court is invoked under 28 U.S.C. § 1331

    C. The jurisdiction of the Court is not in dispute

III. **TRIAL INFORMATION:**

    A. The estimated length of trial is approximately 8 days

    B. Trial to the jury is set for November 4, 2024

IV. **AGREED STATEMENTS AND LISTS**

    A. General Nature of the Claims of the Parties

        (1) Plaintiff Claims: Isaiah Andrews brings a claim against the City of Cleveland under 42 U.S.C. §1983 and *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 for undermining his right to a fair trial by violating the *Brady* rule resulting in his wrongful conviction and incarceration. Isaiah's Estate will ask the jury to find that the lead homicide detectives who investigated the murder of his wife in 1974 and 1975 withheld favorable evidence material to his defense. The Estate will ask the jury to find that the acts and failures of the City of Cleveland and its police department were the driving force behind that police misconduct. Of the four *Monell* theories available under the law, the Court has found that the Estate may not try the ratification theory to the jury. Therefore, the Estate will ask the jury to find that the City caused the violations of Isaiah's rights because of its written policy, and/or its failure to train and supervise its officers, and/or its custom of tolerance to similar unconstitutional conduct. The Estate will ask the jury to award compensatory and punitive damages addressed to the

2

        violations of Isaiah's rights and deprivations of his liberty and the torture he suffered. It will not make a lost wages claim.

  (2)  Defendant Claims: Plaintiff's claim against the City of Cleveland is without merit because 1) the Cuyahoga County Prosecutor's office had in its possession prior to Andrews' trial all exculpatory information; 2) Cleveland Detectives Hubbard and Rowell did not conceal from the prosecutor any exculpatory information; and 3) none of the City of Cleveland policies or custom caused the alleged constitutional violation. This case comes down to a single page of a four-page police report. Cleveland will show that the Cuyahoga County Prosecutor's Office had this page in 1975, and that a faded copy is still in the file. Cleveland will also establish that the Cuyahoga County Prosecutor Office's copy of this page faded because of time, prosecutor handling, and poor scanning. Cleveland will also present evidence that Cleveland's policy and training required all police officers to turn over ALL evidence to the prosecutor. Therefore, even if Andrews could show that this page was not provided to the Cuyahoga County Prosecutor's Office before Andrews' March, 1975 trial by Detectives Hubbard or Rowell, Cleveland's policies, training or custom were not the cause. Finally, Cleveland is a separate entity, so it not responsible for any failures by the Cuyahoga County Prosecutor, such as not providing a copy the report to Andrews' lawyers or failing to properly scan its file for archiving.

  (3)  The parties do not agree the above statements should be read to the jury, and the parties will propose a separate proposed, joint statement if the Court requires.

### B. Uncontroverted Facts

The following facts are established by stipulation of counsel:

1. Regina Andrews, née Mason, was stabbed to death on September 18, 1974. Her body was found in a wooded area of Forest Hills Park in Cleveland, Ohio. It was wrapped in several items of bedding.

2. At the time of Regina's death, she was married to Isaiah Andrews. Isaiah and Regina were living together in Room 133 of the Colonial House Motel on Euclid Avenue in Cleveland, Ohio.

3. Detectives Ernest Rowell and William Hubbard of the Homicide Unit of the Cleveland Division of Police investigated the murder of Regina Andrews. Other detectives assisted with specific tasks.

4. On September 19, 1974, Isaiah Andrews was arrested for the murder of Regina Andrews. On September 23, 1974, he was charged with one count of Aggravated Murder.

5. The case was dismissed in December 1974 because certain witnesses could not be located. Andrews was temporarily released.

6. On January 21, 1975, Andrews was re-arrested and re-indicted for the same crime.

7. Trial commenced on March 3, 1975 in the Cuyahoga County Court of Common Pleas. Andrews was represented by criminal defense attorneys William Summers and John Hyland. Judge Francis Sweeney presided.

8. Witnesses Betty Worthy and Linda Cloud testified at trial.

9. On March 12, 1975, Isaiah Andrews was convicted and sentenced to life in prison.

10. Isaiah Andrews remained imprisoned for 45 years.

11. In 2020 the Cuyahoga County Court of Common Pleas granted Isaiah Andrews a new trial. He was released from jail. In 2021 a jury acquitted him.

12. Isaiah Andrews later filed the present lawsuit against the City of Cleveland.

13. Isaiah Andrews died on April 10, 2022. This lawsuit is continuing through his Estate.

14. Some of the witnesses, attorneys, and police officers involved in the original investigation and trial are also deceased.

15. William Hubbard is deceased.

16. Ernest Rowell is deceased.

17. Charlies Laurie is deceased.
.
18. William Summers is deceased.

19. John Hyland is deceased.

20. Willie Watts is deceased.

21. Betty Worthy is deceased.

22. Linda Cloud is deceased.

23. Reginald Mason is deceased.

In addition to the foregoing stipulated facts the parties have stipulated to the authenticity of the following documents that may be introduced as exhibits at trial:

1. Authenticity of the Coroner's File (CLESUPP000183 – CLESUPP000231)

2. Authenticity of 1975 Trial Transcript (previously filed as Doc #116-1)

3. Authenticity of 2021 Trial Transcript

4. Authenticity of officer personnel files and training files produced by the City of Cleveland

5. Authenticity of Manual of Rules

6. Authenticity of Detective Manual

7. Authenticity of GPOs and DNs

8. Authenticity of documents produced by the City of Cleveland *other than* the so-called "archived prosecutor's file" or other documents Cleveland obtained from a third party; and documents having to do with the at-issue homicide investigation produced by either party after August 1, 2024

### C. Issues of Fact and Law

Contested Issues of Fact: The contested issues of fact are (1) whether lead homicide detectives Hubbard and Rowell violated Isaiah Andrews's *Brady* rights and (2) whether the City of Cleveland Police Division caused these detectives' violation in all or any one of these ways (a) by promulgating an official written policy permitting the violation (b) by failing to train or supervise the officers sufficiently to avoid the violation and/or (c) by maintaining a custom of tolerance to this kind of violation.

Contested Issues of Law: Pending motions before the court

identify currently contested issues of law. The parties may identify other contested issues of law (e.g. jury instructions) as this case proceeds and the issues arise.

The parties are working on proposed jury instructions, which will set forth the legal propositions at issue in more detail including instructions on the *Brady* rule and on *Monell.*

### D. Witnesses – The parties will separately file their respective witness list today, October 16, 2024

The parties intend to call or will have available for testimony at trial those witnesses whose names are set forth on the attached witness list (see Appendix C) as well as any rebuttal witnesses. Pursuant to the Court's prior order, the parties may file a revised order of witnesses 48 hours before their testimony or out of order for unforeseen circumstances. Pursuant to the Court's prior order, the parties may move for leave to call additional witnesses in their case in chief and will provide to opposing counsel their names, addresses, and an offer of proof of their testimony in advance.

### E. Expert Witnesses

The parties will introduce the following expert witnesses whose names, reports, and supporting documentation have been exchanged previously.

Plaintiff – Don Anders
Defendant – Beth Mohr

### F. Trial to the Court—NOT APPLICABLE

Parties must file a statement of the issues, proposed findings of fact, and proposed conclusions of law in accordance with the time limits set forth in the trial order. Parties must also file any trial briefs in accordance with the time limits set forth in the trial order.

### G. Trial to a Jury

Proposed voir dire questions and proposed jury instructions will be submitted to the Court in accordance with the time

limits set forth in the trial order. Pursuant to the Court's prior order, the parties are negotiating joint versus proposed jury instructions and will file these along with voir dire lists on **October 28, 2024**.

### H.  Use of Depositions

Testimony of certain witnesses will be offered by designation to their prior deposition testimony or prior trial testimony or prior other testimony under oath. The parties' testimony designations and objections are attached hereto as Appendix D.

### I.  Exhibits

The parties will offer as exhibits those items listed herein as follows. Pursuant to the Court's prior order the parties will deliver USB drives with their exhibits to chambers by **October 28, 2024** as well as two binders with an index on the morning of trial. Counsel will exchange exhibits before trial.

(1) Joint Exhibits - Appendix B;
(2) Plaintiff Exhibits - Appendix B;
(3) Defendant Exhibits - Appendix B;

### J.  Pending Motions

The following motions are pending at this time: the parties' *Daubert* motions which are fully briefed; Defendant's Motion for Reconsideration of the Court's order denying summary judgment on the *Monell* claims, which at the time of filing of this Proposed Trial Order will be fully briefed; and the parties' Motions in Limine, which at the time of the filing of this Proposed Trial Order will not yet be fully briefed.

### K.  Modification of Order

This final pretrial order may be modified at the trial of this action, or prior thereto.  Such modification may be made by application of counsel, or on motion of the Court.

### L.  Settlement Efforts

The parties have exchanged an offer and demand, participated in a settlement conference before the District

7

Judge, made subsequent extrajudicial efforts towards resolution, and are preparing for a second mediation set for **October 21, 2024**.

**IT IS SO ORDERED.**

JUDGE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff Isaiah Andrews

Counsel for Defendant City of Cleveland